**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4655**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

      v.

HOSEA DIAMOND, a/k/a Jose,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Joseph F. Anderson, Jr., District
Judge.  (3:09-cr-01109-JFA-3)

Submitted:  January 31, 2012      Decided:  February 9, 2012

Before KING, GREGORY, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Edye U.  Moran, MORAN LAW OFFICES, Columbia, South Carolina, for
Appellant. Robert Claude Jendron, Jr., Assistant United States
Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hosea Diamond pleaded guilty to conspiracy to possess with intent to distribute and distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Diamond to forty-one months of imprisonment and he now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether Diamond's guilty plea was knowing and voluntary and whether the district court erred in adopting the revised presentence report. Diamond filed a pro se supplemental brief raising additional issues.[*] Finding no error, we affirm.

Counsel first questions whether Diamond's guilty plea was knowing and voluntary where the district court set a deadline for the filing of a plea agreement in order to receive the benefit of acceptance of responsibility under the advisory Sentencing Guidelines. The purpose of the Fed. R. Crim. P. 11 colloquy is to ensure that the plea of guilt is entered into knowingly and voluntarily. See United States v. Vonn, 535 U.S. 55, 58 (2002). Accordingly, prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature

_____

[*] We have considered the issues raised in Diamond's pro se brief and conclude they lack merit.

2

of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine whether there is a factual basis for the plea. Id.; United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). We have thoroughly reviewed the record and conclude that the district court fully complied with the requirements of Rule 11 and that Diamond's guilty plea was entered into knowingly and voluntarily.

Counsel next questions whether the district court erred in adopting the undisputed revised presentence report. As Diamond failed to object to the presentence report in the district court, we review this issue for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731–32 (1993). To meet this standard, Diamond must demonstrate that there was error, that was plain, and that affected his substantial rights. Id. Moreover, even if Diamond demonstrates plain error occurred, we will not exercise discretion to correct the error "unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

Under Fed. R. Crim. P. 32(i)(3), the district court "may accept any undisputed portion of the presentence report as a finding of fact." Here, Diamond did not file any objections

3

to the revised presentence report and averred at the sentencing hearing that he had no objections to the report. Accordingly, the district court did not err in accepting the findings in the revised presentence report as fact.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Diamond, in writing, of the right to petition the Supreme Court of the United States for further review. If Diamond requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Diamond. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4